```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

    vs.                                      Criminal Action 2:24-CR-099
                                                   JUDGE MICHAEL H. WATSON

**TERRANCE P. CUMMINGS**

## REPORT AND RECOMMENDATION

The United States and defendant Terrance P. Cummings entered into a *Plea Agreement*, ECF No. 41, executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C), whereby defendant agreed to plead guilty to an *Information*, ECF No. 40, charging him with sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), 1594(a) (Count 1), distribution or receipt of child pornography following conviction on an offense involving sexual abuse of a minor in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count 2), and possession of child pornography following conviction on an offense involving sexual abuse of a minor in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count 3). *Information*, ECF No. 40. The *Information* also includes forfeiture provisions. *Id*.[1] On July 2, 2025, defendant personally appeared with his counsel for an arraignment and entry of guilty plea proceeding.

Defendant waived his right to an indictment in open court and after being advised of the nature of the charges and of his rights. *See* Fed. R. Crim P. 7(b).

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25

---

[1] The *Plea Agreement* specifies sentencing terms and includes a forfeiture provision and an appellate waiver provision that preserves only certain claims for appeal, collateral attack, and motion for reduction of sentence. Defendant also agreed to a restitution obligation and acknowledged registration obligations under SORNA and special conditions of supervised release in connection with the nature of the offenses charged.

1

Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of the defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed the defendant personally and in open court and determined his competence.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Information* and the consequences of his plea of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea of guilty is voluntary.  Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on June 6, 2025, represents the only promises made by anyone regarding the charges in the *Information*.  Defendant was advised that the sentencing judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the sentencing judge refuses to accept the *Plea Agreement*, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea under those circumstances, the sentencing judge could impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximums.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which was filed separately. Statement of

Facts, ECF No. 44.  He confirmed that he is pleading guilty to Counts 1, 2, and 3 of the *Information* because he is in fact guilty of those crimes.  The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1, 2, and 3 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1, 2, and 3 of the *Information* be accepted.  Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the sentencing judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).
 The parties are specifically advised that failure to object to the *Report and Recommendation* will result in the forfeiture of the right to *de novo* review and of the right to appeal the decision adopting this *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


July 2, 2025                              *s/  Norah McCann King*
Date                                        Norah McCann King
                                      United States Magistrate Judge